No. 529

First Circuit

MURPHY v. GLADNEY'S, INC.

(December 3, 1929.  Opinion and Decree.)
(March 5, 1930.  Rehearing Refused.)

C. A. Battle, of Baton Rouge, attorney for plaintiff, appellant.

Breazeale & Sachse, of Baton Rouge, attorneys for defendant, appellee.

ELLIOTT, J.  Joseph R. Murphy was struck by a motor truck belonging to Gladney's, Inc., while being driven by one of its employees, and badly injured.  He claims of the defendant $490.16 for expenses caused by the treatment of his wounds and as expense at the hospital, and $9,509.84 in addition as damages on account of his injuries, pain, and suffering, which he alleges were due to defendant's negligence, recklessness in operating its truck, and to the unreasonable speed at which it was being driven at the time.

Defendant admits the collision alleged against it, but denies the negligence, recklessness, and unreasonable speed alleged against it, and alleges alternatively that, if it be found to have been negligent in operating its motor truck, or in operating it at an unlawful speed, plaintiff was also negligent, and that plaintiff's negligence contributed to bring about the collision which resulted in his injury.

The plaintiff was standing on Florida street in the city of Baton Rouge at its intersection with Thirteenth street, on the north side of the street car tracks on said street.  He was standing nearer to the car track than to the curbing, but just how far from the car track is a matter of difference in the estimates made by witnesses on the subject.  One witness, in position to see and near enough to accurately judge, says that there was space enough, between the curbing on the north side of the street and the place where plaintiff was standing, for him to have driven an automobile past the plaintiff without injuring him.  It is

clear that plaintiff was standing out in open view to defendant's driver, who was going east on Florida street. An approaching street car, about a block and a half east of the plaintiff, was also in plain view of defendant's driver, if looking in the direction he was going. Defendant's driver also saw that plaintiff was standing at the place which was the ordinary car stop for the street car that was coming, and, as it was raining, he must have known that plaintiff was waiting there for the purpose of getting aboard the coming street car, which was then close at hand.

Defendant's driver testifies that he was driving on the south side of the street, and one witness corroborates him. Defendant's driver says that, as he got up near to the plaintiff, plaintiff was facing north and suddenly backed out in his way, and that he could not help striking him.

The plaintiff testifies that he has the support of witnesses without interest and in better position to see, and the preponderance of the testimony on the subject is, that he was standing on the north side of the street car track, and, in that way, on the north side of the street, at the time he was struck, and not as contended for by defendant.

Plaintiff says that defendant's driver, just before he got to him, was driving straddle of the north rail on the street car track, and as he got close to him, turned toward him and struck him. The evidence satisfies us that the collision occurred as claimed by plaintiff.

It was the duty of defendant's driver, approaching plaintiff, with an unobstructed view and with a rain falling, to commence in ample time to get his automobile under control, so that he could either pass between the plaintiff and the curbing on the north side of the street without injuring

him, if there was room to do so in safety, and if the room was not sufficient, to stop and not run over him. If he did not wish to do that, then it was his duty, and the way was open, for him to timely turn to the south side of the street car track, which is the side on which he belonged to be in the direction he was going. But he was driving too fast, so fast that, although a rain was falling, a cause for going slow, his car was not under control, and he ran up too close to the plaintiff before making any effort to stop, or to get over on the south side of the street. And when he did make the effort to turn southward, and applied his brakes, it was too late to stop without first striking the plaintiff. In that way, by his own act he made a collision with the plaintiff inevitable.

The evidence shows that when he applied his brakes, due to the street, made slippery by the rain, the truck skidded forward. He swerved his engine toward the south side of the street, but the swerve of his motor southward caused the rear end of his truck to skid sideways past the plaintiff. His rear left fender struck plaintiff, knocking him 10 or 15 feet, inflicting on him a dreadful wound on the left side of the groin.

The evidence shows that the left fender, the rear end of defendant's truck, had a piece broken out of it several inches square, leaving a sharp, pointed corner on its outer edge. We are satisfied, from the nature of the wound and from the looks of the fender, that it was this sharp corner that struck plaintiff in the front, as it passed him. The size and depth of this wound would seem perilous, but, according to the physician who treated plaintiff at the hospital, the greatest harm done to the plaintiff was that his ankle was so badly broken by the blow that his foot was turned almost around in the opposite direction to

which it should be. The doctor thinks that plaintiff will never have as good use of his ankle as he had before the injury; that this injury will constitute a permanent weakness in his left ankle.

The negligence of the defendant and its responsibility for the collision, and the resulting injury to the plaintiff, appears to be well established.

We are satisfied that plaintiff was standing on the north side of the car track at the intersection with Thirteenth street. He was also standing in the place where the street cars generally stop to let off and take on passengers, and when plaintiff was standing there the street car was coming toward him, going west.

Defendant contends that plaintiff was negligent in being where he was at the time defendant's truck ran into him. It was not an act of negligence, under the circumstances.

When plaintiff saw defendant's truck was bearing down on him and was about to run over him, acting on the impulse of the moment as anybody else would have done, he tried to get out of the way. He suddenly turned, facing defendant's truck, endeavoring at the same time to spring back toward the north curbing; but he was unable to get out of the way, and was struck and injured.

The district judge rendered judgment in favor of the plaintiff for $3,000. Included in this amount is $490.16, necessary expenses caused by plaintiff's injury, which sum he has paid.

Defendant contends that the amount is excessive. We are not prepared to say the lower court erred in the amount awarded.

Judgment affirmed. Defendant and appellant to pay the cost in both courts.